**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**BOBBY L. DIDON, #25582**

**VS.**                                       **CIVIL ACTION NO. 2:10cv134-KS-MTP**

**SAMUEL WINCHESTER**

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.**

This cause is before the Court on Motion to Dismiss [5] filed pursuant to 28

U.S.C. § 2244(d) by Respondent Samuel Winchester, warden of the correctional facility

where Petitioner Bobby L. Didon ("Didon") is currently housed.  Magistrate Judge

Michael T. Parker has filed a Report and Recommendation on said motion [9], and an

Objection thereto has been filed by Didon [13].   The Court has considered the above,

as well as the record herein, and finds that Didon's Petition for *Writ of Habeas Corpus*

[2] should be dismissed with prejudice.

**1.  PROCEDURAL HISTORY**

On or about December 7, 2005, Didon was convicted of child molestation in the Circuit

Court of Lawrence County, Mississippi, and by order filed January 30, 2006, he was sentenced

as an habitual offender to serve a life sentence in the custody of the Mississippi Department of

Corrections without eligibility for parole.  *See* Exh. A to Motion to Dismiss.  Didon filed a direct

appeal of the conviction and sentence in the Mississippi Supreme Court on or about April 13,

2006, but moved shortly thereafter to voluntarily dismiss the appeal.  In the motion, Didon's

1

appellate counsel stated that a direct appeal was not the appropriate course of action.[1]

Accordingly, the Mississippi Supreme Court dismissed the appeal on or about September 12,

2006.  *See* Exhibits B and C to Motion to Dismiss.

On July 12, 2007, Didon, through counsel, filed a "Post Conviction Relief Petition"

("PCR") in the Circuit Court of Lawrence County, Mississippi.  *See* Exh. D to Motion to

Dismiss.

By order dated May 5, 2008, the trial court denied the PCR petition and Didon thereafter

appealed the denial to the Mississippi Supreme Court.  *See* Exh. E. to Motion to Dismiss.  The

Mississippi Court of Appeals affirmed the denial of the PCR petition on April 7, 2009.  *Didon v.*

*State*, 7 So.3d 978 (Miss. Ct. App. 2009). *See* Exh. F to Motion to Dismiss.

Didon did not move for or seek a rehearing in the Court of Appeals, but did subsequently

submit a letter to the Mississippi Supreme Court which the court construed as a motion for

additional time to file a petition for writ of certiorari.  Noting that the mandate in the appeal

issued on May 12, 2009, the court denied the motion for additional time on June 2, 2009.  *See*

Exh. G to Motion to Dismiss.

Though not received and docketed until May 25, 2010, Didon "filed" the instant

Petition on or about May 18, 2010, the day he submitted it to prison officials for mailing.[2]  On

---

[1]As would later become apparent, appellate counsel's strategy was to file a motion for post conviction relief in the trial court raising claims of ineffective assistance of trial counsel.

[2] Under the "mailbox rule," Didon's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Didon's habeas petition was signed on May 17, 2010, and he certified under penalty of perjury that it was placed in the prison mailing system on May 18, 2010.  Petition [2] at 15.

June 28, 2010, Respondent moved [5] to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d).  When Didon did not initially respond to the motion to dismiss, the court directed him to respond if he desired to be heard.  *See* Order [6].  Didon responded [7] to the motion on October 8, 2010 and the respondent filed a rebuttal [8] on October 14, 2010.  Accordingly, the motion to dismiss is ripe for decision.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Didon's Objection to the Report and Recommendation addressed the issue of equitable tolling. He states that he should be allowed to go forward because he was misled or was prevented from filing his petition timely.  In one of his objections he states

that his attorney, Mr. William Goodwin, told him that he has until May 24, 2010, to file his *habeas* petition.  The *habeas* petition was filed on or about May 18, 2010.  However, the original conviction was December 7, 2005, and even though there were delays in the ruling on the state post conviction petition, the deadline for Didon to file is PCR petition was September 7, 2009.  Consequently, he was about eight months late filing the petition.

In his rambling, narrative objections, Didon talks about not having access to a law library, being misled about an inmate class and about the ineffective assistance of his trial attorney.  Judge Parker addressed all of the objections in his Report and Recommendations and based on the applicable case law, Didon does not make a case for equitable tolling of the statute of limitations. The statute of limitations clearly has run by many months. This Court concurs with Judge Parker's decision and adopts same.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Didon's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Bobby L. Didon's claim is **dismissed with prejudice**. All other

4

pending motions are denied as moot.

SO ORDERED this, the 9th day of February, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE